**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RICHARD L. POST                                                                            PLAINTIFF

v.                                          No. 4:15CV00286  JLH

HOWARD PRINCE; and
ARK-LA-TEX SHOP BUILDERS, INC.                                                  DEFENDANTS

<u>**ORDER**</u>

Richard L. Post commenced this action against Howard Prince and ARK-LA-TEX Shop
Builders, Inc., both of Louisiana, alleging that he entered into a partnership agreement with Prince
pursuant to which he would operate a shop building business in Arkansas through Prince's company,
ARK-LA-TEX.  He alleged that the company failed to pay him his share of the profits as agreed
between himself and Prince.

The defendants filed a motion to dismiss for failure to state a claim or, alternatively, to
transfer this action to the Western District of Louisiana.  In response, Post filed a motion for leave
to amend the complaint.[1]  The proposed amended complaint alleges that Post entered into a
partnership with Prince and ARK-LA-TEX Shop Builders; as a part of the partnership agreement
he operated a business in Arkansas pursuant to which he was to receive a percentage of the profits
each year; that the defendants failed to pay Post the profits to which he was entitled in 2011 through
2014; and that they owe him $794,742.24.  The proposed amended complaint seeks to recover on
a theory of breach of contract or, in the alternative, unjust enrichment.

The defendants oppose the motion for leave to amend, contending that it would be futile
because Post has failed to name the purported partnership and that the facts show that no partnership

---

[1] Yesterday, Post filed another motion for leave to amend.  The Court has not considered that
motion in this Opinion and Order.

existed.  The defendants admit that Post had a business relationship with Prince but say that it "should likely be considered a joint venture."  Document #14 at 11.

Whether it would be futile to permit the proposed amended complaint depends on whether it would survive a motion to dismiss for failure to state a claim.  *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014).  To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  The court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, 127 S. Ct. at 1975, and must draw all reasonable inferences in favor of the nonmoving party.  *Gorog v. Best Buy Co., Inc.*, 760 F.3d 787, 792 (8th Cir. 2014).  The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

At this point, the Court is not convinced that the partnership is a necessary party inasmuch as Post's claim is that Prince and ARK-LA-TEX, as his partners, breached the partnership agreement, not that the partnership violated an obligation to him.  If the partnership were a necessary party, the remedy would be to seek an order requiring that it be joined as a party.  Fed. R. Civ.

P. 19(a).  Dismissal would be required only if the partnership could not feasibly be joined and, in equity and good conscience, the action should not proceed without it.  Fed. R. Civ. P. 19(b).  With respect to the contention that the evidence shows that no such partnership existed, the issue in a 12(b)(6) motion is whether the allegations in the complaint meet the pleading standards of the Federal Rules of Civil Procedure, not what the evidence shows.  Nor does the sufficiency of the complaint depend on whether the business relationship properly should be classified as a joint venture rather than a partnership.  The proposed amended complaint alleges a breach of contract or, alternatively, a claim for unjust enrichment, and does so with sufficient specificity to pass muster under the Federal Rules of Civil Procedure.

The motion for leave to amend the complaint is GRANTED.  Document #11.  The plaintiff must file the amended complaint within seven days from the entry of this Order.

Twenty-eight U.S.C. § 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

It is undisputed that the Western District of Louisiana is a district in which this action might have been brought.  The issue, then, is whether for the convenience of parties and witnesses, in the interest of justice, this Court should transfer the action to that district.  The defendant seeking to transfer has the burden of proving why the case should be transferred.  *Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 570 (N.D. Tex. 2005).  A case should be transferred when a transfer would make it substantially more convenient for the parties and witnesses.  *Ray Mart, Inc. v. Stock Bldg. Supply of Texas, L.P.*, 435 F. Supp. 2d 578, 589 (E.D. Tex. 2006).  When deciding whether a case should be transferred, a court should consider, among other things, the convenience of the

parties and the convenience of the witnesses, the accessibility of records and documents, as well as the location where the conduct complained of occurred.  *Terra Intern., Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997); *Salinas*, 358 F. Supp. 2d at 570-71.  In analyzing whether the interest of justice indicates that the action should be transferred, the Court may consider, among other things, the relative congestion of the calendars of the respective courts, the plaintiff's choice of forum, the comparative costs to the parties litigating in each forum, and each party's ability to enforce a judgment.  *Terra*, 119 F.3d at 696; *Salinas*, 358 F. Supp. 2d at 570-71.

Here, the alleged agreement was for Post to operate a business in Arkansas and to receive a percentage of the profits of that business in Arkansas.  Although the defendants are located in Louisiana and undoubtedly would find it more convenient to litigate there, the plaintiff is in Arkansas, most of the events at issue occurred in Arkansas, and the documents and other information are likely to be found in Arkansas.  Nothing has been presented to indicate that the greater number of witnesses will be in Louisiana rather than in Arkansas.  The defendants also argue that the calendar of the court in the Western District of Louisiana is less congested than the calendar of this Court, but no facts are adduced to support that argument, and the Court does not believe it is true.  The convenience of the parties, the convenience of the witnesses, and the interest of justice do not support the conclusion that this action should be transferred to the Western District of Louisiana.

The motion to dismiss or alternatively to transfer is DENIED.  Document #8.

IT IS SO ORDERED this 2nd day of September, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE